Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Gabriel C. Maldonado Rodríguez<br><br>Apelado<br><br>vs.<br><br>Comisionado de la Policía; Estado Libre Asociado de Puerto Rico, representado por el Hon. Domingo Emanuelli Hernández, Secretario de Justicia designado y la Junta de Confiscaciones, representado por Alba I. Calderón Cester<br><br>Apelantes | KLAN202400083 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Civil Núm.: PO2023CV02197<br><br>Sobre:<br><br>Impugnación de Confiscación |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 08 de marzo de 2024.

Comparece ante nos, el Estado Libre Asociado de Puerto Rico (ELA o parte apelante), quien presenta recurso de apelación en el que solicita la revocación de la "Sentencia" emitida el 22 de noviembre de 2023,[1] por el Tribunal de Primera Instancia, Sala Superior de Ponce. Mediante dicho dictamen, el foro primario declaró Ha Lugar la "Demanda" de impugnación de confiscación, y ordenó a la parte apelante a devolver el vehículo confiscado.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, revocamos el dictamen mediante los fundamentos que expondremos a continuación.

---

[1] Notificada el 27 de noviembre de 2023.

Número Identificador

SEN2024 _____

**I.**

El 24 de julio de 2023, el señor Gabriel C. Maldonado Rodríguez (Sr. Maldonado Rodríguez o parte apelada) presentó "Demanda" sobre impugnación de confiscación contra el ELA. En síntesis, alegó que, el 12 de agosto de 2022, agentes de la Policía intervinieron con su persona por una alegada violación al Art. 401 de la Ley de Sustancias Controladas de Puerto Rico.[2] Adujo que, con motivo de dicha intervención, la Policía le confiscó un vehículo de motor marca Dodge, modelo RAM 1500, color negro del año 2019, tablilla 1011591, núm. de serie 1C6SRFFTXKN768505. Arguyó que la confiscación fue ilegal, toda vez que el vehículo confiscado no fue utilizado en la comisión de delito alguno. A su vez, señaló que no se le notificó la confiscación.

Por su parte, el 28 de agosto de 2023, el ELA presentó "Contestación a Demanda", y negó todas las alegaciones incluidas en la reclamación. En la afirmativa, aseveró que, el 22 de septiembre de 2022, se envió una Carta de Notificación sobre Orden de Confiscación fechada del 19 de septiembre de 2022, al Sr. Gabriel Carlos Maldonado Rodriguez a la dirección: Urb. Río Canas, 2849 Calle Amazona, Ponce, Puerto Rico, 00728, por correo certificado con acuse de recibo. No obstante lo anterior, afirmó que dicha carta fue devuelta por el correo y recibida devuelta el 17 de octubre de 2022, debido a que ésta no fue reclamada.

Posteriormente, el 22 de septiembre de 2023, el ELA presentó "Comparecencia Especial en Solicitud de Desestimación" y, en síntesis, argumentó que la parte apelada presentó su "Demanda" fuera del término jurisdiccional provisto en la ley. Sostuvo que, conforme el Art. 15 de la Ley de Confiscaciones, *infra*, en aquellos casos en los que la notificación sea devuelta, el término de 30 días para impugnar la confiscación comienza a computarse

---

[2] 24 LPRA sec. 2401.

desde que la referida notificación es recibida por el Departamento de Justicia. Expuso que, en este caso, la Carta de Notificación sobre Orden de Confiscación fue enviada el 22 de septiembre de 2022, pero como no fue reclamada, la misma fue recibida devuelta el 17 de octubre de 2022. Expresó que, a partir de esta fecha, comenzó a transcurrir el término jurisdiccional de 30 días para impugnar la confiscación. Sin embargo, el apelado presentó su "Demanda" el 24 de julio de 2023, o sea, luego de transcurrido el término para impugnar la confiscación. Por esta razón, solicitó la desestimación de la reclamación presentada en su contra.

El 6 de octubre de 2023, el Sr. Maldonado Rodríguez presentó su "Moción en Oposición a Desestimación de Demanda y Solicitud de Sentencia por Incumplimiento con el Art 13, Ley 119-2011". En lo pertinente, esbozó que, conforme el Art. 13 de la Ley de Confiscaciones, *infra*, la Junta de Confiscaciones posee un término de 30 días para notificar la confiscación, a contarse desde la ocupación física del bien. Aseveró que, en el caso de marras, el vehículo fue ocupado el 12 de agosto de 2022 y, por tanto, la Junta de Confiscaciones tenía hasta el 11 de septiembre de 2022 para notificar la confiscación. Empero, la Carta de Notificación sobre Orden de Confiscación fue enviada el 22 de septiembre de 2022, ya expirado el término jurisdiccional para notificar la misma. Por entender que no está presente alguna de las excepciones dispuestas en ley, solicitó se dictase sentencia a su favor.

Finalmente, el 20 de octubre de 2023, el ELA presentó "Moción en Cumplimiento de Orden y Reiterando Desestimación", y reafirmó que el caso debía ser desestimado al amparo del Art. 15 de la Ley de Confiscaciones, *infra*, debido a que el apelado presentó su reclamación luego de transcurrido el término jurisdiccional para ello.

Evaluados los escritos presentados por ambas partes, el 22 de noviembre de 2023,[3] el foro *a quo* emitió "Sentencia" mediante la cual declaró No Ha Lugar la "Moción de Desestimación" presentada por el ELA, y Ha Lugar la "Demanda" presentada por el apelado. Razonó que, en efecto, la parte apelante no notificó al Sr. Maldonado Rodríguez la confiscación dentro del término dispuesto en el Art. 13 de la Ley de Confiscaciones, *infra*, ya que no acreditó la aplicación de alguna de las excepciones establecidas en dicho artículo. Por ende, concluyó que nunca comenzó a discurrir el plazo establecido en el Art. 15 de la Ley de Confiscaciones, *infra*, para impugnar la confiscación. Ante ello, ordenó al ELA a devolver el vehículo confiscado.

Inconforme con el dictamen, el 13 de diciembre de 2023, el ELA presentó "Moción de Reconsideración", y reiteró que, conforme el Art. 15 de la Ley de Confiscaciones, *infra*, el pleito debía ser desestimado.

El 27 de diciembre de 2023, el Sr. Maldonado Rodríguez presentó su "Moción en Oposición a Reconsideración por Falta de Jurisdicción", y manifestó que la solicitud de reconsideración se presentó fuera del término dispuesto para ello.

Mediante "Réplica a Moción en Oposición a Reconsideración por Falta de Jurisdicción" presentada el 29 de diciembre de 2023, el ELA esgrimió que su solicitud fue presentada dentro de los 15 días que provee la ley.

Atendidos los argumentos de ambas partes, el 10 de enero de 2024,[4] el foro recurrido emitió "Resolución" declarando No Ha Lugar la "Moción de Reconsideración" presentada por la parte apelante. Aclaró que, según la Regla 47 de Procedimiento Civil,

---

[3] Notificada el 27 de noviembre de 2023.
[4] Notificada el 12 de enero de 2024.

*infra,* el término jurisdiccional de 15 días para solicitar reconsideración venció el 12 de diciembre de 2023.

Oportunamente, el ELA recurre ante esta segunda instancia judicial, y señala la comisión del siguiente señalamiento de error:

> *Erró el Tribunal de Primera Instancia al concluir que la Junta de Confiscaciones notificó la confiscación fuera del término establecido en el Artículo 13 de la Ley Núm. 119-2011.*

Mediante "Resolución" emitida el 30 de enero de 2024, concedimos a la parte apelada un término de 10 días para someter su alegato en oposición. A su vez, le advertimos que, de no comparecer dentro del término concedido, procederíamos a dar por perfeccionado el recurso, y a resolverlo sin el beneficio de su comparecencia. A día de hoy, la parte apelada no ha comparecido, por lo que, según advertimos, procedemos a resolver.

**II.**

En nuestro ordenamiento jurídico, el proceso de confiscación se rige por las disposiciones de la Ley Núm. 119-2011, 34 LPRA sec. 1724 *et seq.*, también conocida como la Ley Uniforme de Confiscaciones de 2011, según enmendada. El precitado estatuto establece un procedimiento uniforme para todos los casos de confiscación, y establece como política pública la agilidad del procedimiento de confiscación, siempre y cuando éstos garanticen los derechos y reclamos de las personas afectadas por ésta. Véase, Art. 2 de la Ley Núm. 119-2011, 34 LPRA sec. 1724 nota. Aunque el estatuto no define el concepto de confiscación, nuestro Máximo Foro lo ha definido de la siguiente manera:

> *La confiscación es el acto mediante el cual el Estado, representado en este caso por el Poder Ejecutivo, priva a una persona de su propiedad sin compensación económica, basado únicamente en que dicha propiedad fue utilizada en la comisión de ciertos delitos predeterminados por la Asamblea Legislativa o porque tal bien es producto o resultado de una conducta prohibida por ley. Mapfre Praico Ins. v. ELA,* 195 DPR 86, 91 (2016).

Existen dos tipos de confiscación: (1) confiscación *in personam* y (2) confiscación *in rem*. En nuestra jurisdicción, nuestra Asamblea Legislativa adoptó la confiscación *in rem*, por lo que el procedimiento posee carácter civil y "va dirigido contra la cosa misma y no contra el dueño de la propiedad, su poseedor, encargado o cualquier otra persona con algún interés legal sobre ésta". *López v. Secretaria*, 162 DPR 345, 352 (2004). Debido al carácter civil que permea el proceso, "la culpabilidad o inocencia del acusado no deberá tomarse en cuenta en el proceso de confiscación". Véase, Art. 8 de la Ley Núm. 119-2011, 34 LPRA sec. 1724e. En otras palabras, lo determinante en este proceso no es el resultado de la acción criminal que se ha presentado contra la persona que utilizó la cosa objeto de confiscación, sino si el bien en cuestión fue utilizado en la comisión de un delito. *Íd.* Siendo así, el Art. 9 de la Ley Núm. 119-2011, 34 LPRA sec. 1724f, provee que podrá confiscarse "toda propiedad que resulte, sea producto o se utilice, durante la comisión de delitos graves y de aquellos delitos menos graves en los que por ley se autorice la confiscación".

En cuanto al procedimiento para ejecutar la confiscación, el Art. 10 de la Ley Núm. 119-2011, 34 LPRA sec. 1724g, dispone que, como norma general, la propiedad sujeta a confiscación será ocupada por agentes del orden público, mediante orden de un magistrado o Tribunal competente. No obstante, el propio artículo reconoce ciertos casos en los que se puede confiscar propiedad sin previa orden del Tribunal, entre ellos, cuando la propiedad a ocuparse haya sido utilizada, resulte o sea el producto de la comisión de cualquiera de los delitos tipificados en las leyes de sustancias controladas. *Íd.*

Tras ocuparse la propiedad a ser confiscada, "el funcionario bajo cuya autoridad se ocupó, en presencia de la persona a la cual se le ocupó el bien, de ésta estar disponible, preparará un

inventario y le entregará copia a dicha persona". Art. 11 de la Ley Núm. 119-2011, 34 LPRA sec. 1724h. Asimismo, el funcionario que efectúa la ocupación deberá entregar al Director Administrativo lo siguiente: (1) el bien confiscado, (2) todo documento del cual surjan los hechos y circunstancias que motivaron la ocupación, (3) copia del inventario de la propiedad ocupada, y (4) los nombres de testigos y las disposiciones legales bajo las cuales ésta se realizó. Véase, Art. 12 de la Ley Núm. 119-2011, 34 LPRA sec. 1724i.

Por su parte, el Director Administrativo obtendrá una tasación de la propiedad confiscada y, posteriormente, notificará la confiscación y la tasación a, entre otras personas, las siguientes: (1) a la persona que tuviere la posesión física del bien al momento de la ocupación; y (2) a las que considere como dueños de dicho bien. Véase, Art. 13 de la Ley Núm. 119-2011, 34 LPRA sec. 1724j. En cuanto al tiempo y manera de hacer la referida notificación, la ley dispone lo siguiente:

> *Toda confiscación se notificará por correo certificado dentro de un término jurisdiccional de treinta (30) días, siguientes a la fecha de la ocupación física de los bienes. La notificación se hará a la dirección conocida del alegado dueño, encargado o persona con derecho o interés en la propiedad, según consta del expediente de la confiscación. Íd.*

No obstante, y a modo de excepción, se dispone que:

> *En aquellos casos en los que se incaute y retenga cualquier propiedad para alguna investigación relacionada con cualquier acción penal, civil, administrativa o cuando el bien es indispensable para la investigación o como evidencia en el caso, el término para culminar la investigación y emitir la orden de confiscación no excederá de noventa (90) días. Los treinta (30) días para notificar la confiscación comenzarán a contarse una vez concluya dicha acción y se expida la correspondiente orden de confiscación. Íd.*

Interpretando las normas que preceden, nuestro Tribunal Supremo expresó "que el plazo para notificar las órdenes de confiscación siempre será de treinta días. Lo que varía es el punto

de partida para computar ese periodo de tiempo". Véase, *Reliable Financial v. ELA*, 197 DPR 289, 298 (2017) (nota al calce número 6). Específicamente, existen 3 puntos de partida para computar el término de 30 días que posee el Estado para notifique las órdenes de confiscación, a saber: (1) como norma general, este término comienza a decursar desde la ocupación de la propiedad; (2) la Ley Núm. 8 de 5 de agosto de 1987, según enmendada, concede a los agentes del orden público un término de 30 días para investigar la procedencia y titularidad de los vehículos incautados al amparo de dicho estatuto. En estos casos, por la vía de excepción, los 30 días para notificar la confiscación comienzan a transcurrir una vez expirado el antedicho término de 30 días que poseen los agentes para investigar el bien ocupado. O sea, que pueden transcurrir hasta 60 días desde la incautación del vehículo hasta la notificación de la confiscación; y (3) cuando se incaute y retenga propiedad para propósitos investigativos relacionados con un caso civil, criminal o administrativo. En estos casos, los agentes del orden público ostentan un término máximo de 90 días para culminar la investigación y emitir la orden de confiscación. Esto, en aras de evitar que el vehículo sea incautado por un tiempo indeterminado previo a solicitar su confiscación. Por ende, si la propiedad es incautada para propósitos investigativos, por vía de excepción, los 30 días para notificar la confiscación comenzarán a contarse a partir de que concluya la investigación y se expida la orden de confiscación. Véase, Art. 13 de la Ley Núm. 119-2011, *supra*; *Reliable Financial v. ELA, supra*, a las págs. 298-301.

Sobre esta última excepción, entiéndase, cuando se ocupa la propiedad para propósitos investigativos, nuestro Alto Foro expresó lo siguiente:

> *[P]ara [que] el Estado [pueda] justificar la retención de propiedad confiscada a base del último supuesto del Art. 13 de la Ley Núm. 119-2011, supra, es menester*

*determinar si esa propiedad fue incautada y retenida con el propósito de asistir en alguna investigación concerniente a un caso. A esos efectos, deben cumplirse los requisitos siguientes. Primeramente, que contemporáneamente o cercano a la incautación exista o se inicie algún tipo de investigación de naturaleza civil, penal o administrativa. Por otra parte, que esa investigación esté de alguna manera vinculada a la razón para ocupar la propiedad incautada. En otras palabras, que el motivo inicial para intervenir y retener la propiedad sea relevante a la pesquisa.*

[...]

*Con el propósito de garantizar que la facultad para incautar propiedad privada se ajuste a lo dispuesto en la normativa provista en el Art. 13 de la Ley Núm. 119-2011, supra, disponemos hoy que la mejor práctica es que los motivos investigativos para retener la propiedad en estos casos se revelen a los dueños y a las personas con interés lo más cercano posible a la incautación. De este modo, se les alerta oportunamente que el trámite confiscatorio puede extenderse más allá de los treinta o sesenta días, provistos en los otros supuestos de este precepto de ley. A la vez se reduce la posibilidad de que el Estado improvise justificaciones a posteriori para la demora, vulnerando los derechos propietarios de los dueños. Igualmente pueden consignarse fehacientemente en la orden de confiscación los fines investigativos que provocaron la retención de la propiedad.*

*Según cualquiera de estos dos supuestos, corresponde a la parte que impugna una notificación por tardía, refutar las razones de índole investigativa aducidas por el Estado para amparar su retraso. Así pues, según sea el caso, el dueño o la parte con interés en la propiedad deberá probar, ya sea que no se dio tal investigación o que, de ésta haberse realizado, ese trámite no guardó relación con la incautación.*

*Ahora bien, en ausencia de las comunicaciones mencionadas, una vez impugnada una notificación por tardía, si el Estado interesa valerse del periodo de tiempo adicional consignado en la última modalidad del Art. 13 de la Ley Núm. 119-2011, supra, por alegada ocupación para fines investigativos, le corresponde el peso de probar, mediante prueba fehaciente, la conexión entre el motivo para la ocupación de la propiedad retenida y la investigación correspondiente. Reliable Financial v. ELA, supra,* a las págs. 302-306.

Por ende, si el Gobierno no puede acreditar que la decisión de ocupar y retener el vehículo fue para fines investigativos relacionados a la ocupación, es inaplicable el último párrafo del Art. 13 de la Ley Núm. 119-2011, *supra.* En otras palabras, para que el Estado pueda valerse de esta excepción deberá presentar

razones válidas y suficientes para establecer que retuvo el vehículo para fines investigativos, y que dicha investigación está asociada a los motivos que originaron su ocupación. De lo contrario, pasados 30 días desde la fecha de la ocupación del automóvil sin que se haya notificado la confiscación, procede declarar su nulidad. *Reliable Financial v. ELA, supra,* a las pág. 305.

Recordemos que, como tal, la confiscación implica la privación de la propiedad de una persona por parte del Estado, por lo que este último está obligado a cumplir con las garantías mínimas que exigen el debido proceso de ley, incluyendo una notificación adecuada. *Reliable v. Depto. Justicia y ELA*, 195 DPR 917, 924-925 (2016). A su vez, esta notificación adecuada tiene el propósito de otorgarles a aquellas partes interesadas la oportunidad de ser oídos, parte fundamental del debido proceso de ley en su modalidad procesal. *Íd.*, a la pág. 925. Por consiguiente, el incumplimiento con el término para notificar una confiscación provoca la nulidad de la acción del Estado. *Íd.*

Una vez la persona sea notificada de la confiscación, y ésta demuestre ser dueña de la propiedad ocupada, podrá impugnar la confiscación dentro de los 30 días siguientes a la fecha en que reciba la notificación. Véase, Art. 15 de la Ley Núm. 119-2011, 34 LPRA sec. 1724l. Ahora bien, en aquellos casos que la notificación sea devuelta, el término de 30 días para impugnar la confiscación comenzará a computarse desde que la referida notificación sea recibida por el Departamento de Justicia. *Íd.* Estos términos son jurisdiccionales. *Íd.*

La propia ley reconoce que estas reclamaciones deberán atenderse de forma expedita, y reconoce que, por presumirse la legalidad y corrección de la confiscación, el demandante es quien posee el peso de la prueba para derrotar tal presunción. *Íd.* Además, el Tribunal deberá ordenar una vista sobre legitimación

activa, con el objetivo de establecer si el demandante posee un interés propietario en la propiedad incautada. *Íd.* Si se decreta la ilegalidad de la confiscación, la Junta devolverá la propiedad ocupada al demandante. Véase, Art. 19 de la Ley Núm. 119-2011, 34 LPRA sec. 1724p. La propia ley dispone un procedimiento administrativo para la devolución de los bienes confiscados. Véase, Art. 21 de la Ley Núm. 119-2011, 34 LPRA sec. 1724r.

### III.

Según se desprende del trámite procesal discutido, el 22 de noviembre de 2023,[5] el Tribunal de Primera Instancia emitió "Sentencia" mediante la cual declaró Ha Lugar la "Demanda" de impugnación de confiscación presentada por el Sr. Maldonado Rodríguez, y ordenó a la parte apelante a devolver el vehículo confiscado. Determinó que el ELA no notificó la confiscación dentro del término dispuesto en el Art. 13 de la Ley de Confiscaciones, *supra*, ya que no acreditó la aplicación de alguna de las excepciones establecidas en dicho artículo. Por ende, concluyó que nunca comenzó a discurrir el plazo establecido en el Art. 15 de la Ley de Confiscaciones, *supra*, para impugnar la confiscación.

En su escrito, el ELA argumenta que el foro *a quo* erró al resolver que "el Estado no acreditó razón alguna para poder valerse del periodo de tiempo adicional esbozado [en] el último párrafo del Art. 13 de la Ley Núm. 119-2011, *supra*".[6] Su contención es que, le asiste la excepción por propósitos investigativos dispuesta en el último párrafo del Art. 13 de la Ley Núm. 119-2011, *supra,* toda vez que cumplió con el estándar establecido por nuestra Alta Curia en el caso de *Reliable Financial v. ELA, supra.* Tiene razón.

---

[5] Notificada el 27 de noviembre de 2023.
[6] Véase, escrito de apelación, pág. 13.

Cónsono con el marco legal discutido en el acápite anterior, como norma general, el Estado posee 30 días para notificar la confiscación, a computarse desde la ocupación de la propiedad. No obstante, esta normativa no es absoluta y admite excepciones. Una de estas excepciones se da cuando el Estado incauta y retiene la propiedad para propósitos investigativos relacionados con un caso criminal. Si la propiedad es incautada para propósitos investigativos, por vía de excepción, los 30 días para notificar la confiscación no comienzan a contarse desde el momento mismo en que los agentes del orden público ocuparon la propiedad, sino a partir de que concluya la investigación y se expida la orden de confiscación.

Como ya indicamos, en estos casos, y por virtud del propio Art. 13 de la Ley Núm. 119-2011, *supra*, los agentes del orden público poseen un término que no excederá de 90 días para culminar la investigación y emitir la orden de confiscación. Ahora bien, para poder valerse de este tiempo adicional, el Estado tiene que justificar la retención de propiedad confiscada. ¿Cómo lo hace? Demostrando dos cosas: (1) que contemporáneamente o cercano a la incautación exista o se inicie algún tipo de investigación, (2) que esa investigación esté vinculada a la razón para ocupar la propiedad incautada.

Por consiguiente, el Estado deberá informar oportunamente a las personas con interés sobre los motivos investigativos para retener la propiedad. A su vez, deberá consignar, de forma clara, aquellos fines investigativos que provocaron la retención de la propiedad en la orden de confiscación. En este caso, no surge de los autos que el ELA haya cumplido con las recomendaciones que anteceden.

Por lo que, conforme lo resuelto en *Reliable Financial v. ELA, supra,* le corresponde al ELA probar, de forma fehaciente, la

conexión entre la razón inicial para intervenir y el motivo para retener la propiedad. Concluimos que, en el caso de autos, el ELA cumplió con este estándar. Veamos.

Del legajo apelativo surge que, por hechos ocurridos el **12 de agosto de 2022**, se inició una acción penal contra el Sr. Maldonado Rodríguez debido a que este último "**transportó** u ocultó con intención de distribuir la sustancia controlada conocida como Heroína (250 decks). **Esto fue mediante una orden de allanamiento al vehículo Dodge Ram 1500**, **color negro**, **cuatro puertas**, **año 2019**, **tablilla 1011591**".[7] (Énfasis nuestro). El propio apelado reconoce en su "Demanda" que **esta intervención fue el motivo por el cual la Policía le confiscó su vehículo**, el cual describió tal cual aparece en la "Denuncia" presentada en su contra. Es decir, tal y como plantea el ELA en su escrito, **al momento de la intervención existía una investigación criminal en proceso**. **Precisamente**, **esta investigación fue la que dio paso al descubrimiento de la sustancia controlada**, **mediante la orden de allanamiento <u>expedida para registrar el vehículo confiscado</u>**.

Ante este cuadro fáctico, debemos concluir que el ELA presentó evidencia fehaciente que demuestra la conexión entre el motivo inicial para intervenir y para retener la propiedad. Para probar su punto no descansó en meras alegaciones, sino que acompañó prueba que claramente establece la conexión entre la investigación y la ocupación de la propiedad.

Por ende, la parte apelante cumplió con el estándar establecido por nuestro Tribunal Supremo en *Reliable Financial v. ELA, supra,* toda vez que: (1) demostró que existía una investigación contemporánea a la fecha de la incautación del vehículo, entiéndase, el 12 de agosto de 2022, hecho que quedó

---

[7] Véase, "Denuncia" apéndice, págs. 47-48.

evidenciado por la orden de allanamiento expedida para registrar el vehículo ocupado por los agentes del orden público, y (2) esa investigación estuvo vinculada a la razón para ocupar el vehículo, ya que este fue el medio utilizado para transportar la sustancia controlada, elemento esencial del delito imputado.

Debido a las razones que anteceden, el ELA podía valerse de la excepción que provee el último párrafo del Art. 13 de la Ley Núm. 119-2011, *supra.* Siendo ello así, no es de aplicación la norma general que exige al Estado notificar la confiscación dentro del término de 30 días desde que la propiedad fue incautada, sino que, en este caso en particular, dicho término comenzó a transcurrir desde que se culminó la investigación y se emitió la orden de confiscación. O sea, el **26 de agosto de 2022**.

Del expediente apelativo surge que el ELA ocupó el vehículo de motor el **12 de agosto de 2022**. Asimismo, se desprende que, por la investigación que dio paso a la ocupación del vehículo, **el 17 de agosto de 2022**, se radicaron cargos criminales contra el Sr. Raymond De Jesús Rivera.[8] A su vez, surge que, el **26 de agosto de 2022**, se emitió la orden de confiscación.

Partiendo de la premisa de que el ELA podía valerse de la excepción establecida en el último párrafo del Art. 13 de la Ley Núm. 119-2011, *supra,* los agentes del orden público poseían un término máximo de 90 días para culminar la investigación y emitir la orden de confiscación, a computarse a partir de la ocupación del vehículo. Acorde lo anterior, **el término de 90 días comenzó a transcurrir a partir del 12 de agosto de 2022**, **fecha en que el ELA ocupó el vehículo de motor**. **Tomando por cierto el hecho de que la investigación culminó el 17 de agosto de 2022**,[9] **y**

---

[8] Sobre este aspecto, es importante enfatizar que el foro recurrido expresó que "la investigación penal, si alguna, debió haber culminado el 17 de agosto de 2022, con la radicación de cargos criminales contra el Sr. Raymond De Jesús Rivera". Véase, "Sentencia" a la pág. 13; apéndice pág. 14.

[9] Según lo determinó el tribunal de instancia. Véase, *Íd.*

**que la orden de confiscación se emitió el 26 de agosto de 2022**, **determinamos que el Estado cumplió con culminar su investigación y emitir la orden de confiscación dentro del aludido término de 90 días**.

**Siendo ello así**, **el término jurisdiccional de 30 días que posee el ELA para notificar la confiscación debe contarse a partir del 26 de agosto de 2022**, **fecha en que se emitió la orden de confiscación**.  **Habiéndose notificado la confiscación el 22 de septiembre de 2022**, **o sea**, **27 días luego de emitida la orden de confiscación**, **concluimos que la parte apelante cumplió con el Art. 13 de la Ley Núm. 119-2011**, *supra*.  Por ende, erró el Tribunal de Primera Instancia al determinar que el ELA "incumplió con su deber de notificar oportunamente [al apelado] sobre la confiscación del vehículo".[10]

Siendo esto así, y no existiendo controversia de que el ELA notificó la confiscación el 22 de septiembre de 2022,[11] resulta claro que el Sr. Maldonado Rodríguez impugnó la confiscación fuera del término que establece el Art. 15 de la Ley Núm. 119-2011, *supra*. La prueba documental demuestra que la confiscación se le notificó al apelado a la siguiente dirección: Urb. Río Canas, 2849 Calle Amazona, Ponce, Puerto Rico, 00728, por correo certificado con acuse de recibo.[12]  Esta es la misma dirección que el propio apelado incluyó en su reclamación.[13]

No obstante, dicha carta fue devuelta por el correo y recibida devuelta el 17 de octubre de 2022, debido a que esta no fue reclamada.[14] Cuando esto ocurre, el propio Art. 15 de la Ley Núm. 119-2011, *supra*, provee que el término de 30 días para impugnar la confiscación comenzará a computarse desde que la referida

---

[10] Véase, "Sentencia" a la pág. 13; apéndice pág. 14.
[11] Véase, apéndice págs. 32-34.
[12] *Íd.*
[13] Véase, "Demanda" pág. 1; apéndice pág. 19.
[14] Véase, apéndice págs. 32-34.

notificación sea recibida por el Departamento de Justicia. O sea, que el término jurisdiccional de 30 días para impugnar la confiscación comenzó a transcurrir el **17 de octubre de 2022**. Empero, el Sr. Maldonado Rodríguez presentó su "Demanda" de impugnación el **24 de julio de 2023**, ya vencido dicho término. Por ende, su reclamación resulta tardía y, en consecuencia, el foro primario carece de jurisdicción para atenderla. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015).

Finalmente, debemos aclarar que el Art. 15 de la Ley Núm. 119-2011, *supra*, no le exige al Estado a re-notificar la notificación de la confiscación en aquellos casos en que esta sea devuelta. Por el contrario, como ya expresamos, el precitado artículo señala que, si esto ocurre, el término para impugnar la confiscación comenzará a transcurrir, sin la necesidad de volver a notificarla.

### IV.

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, revocamos la "Sentencia" recurrida, emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones